DOCKET NO. 508

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE OCEAN RANGER SINKING OFF NEWFOUNDLAND ON FEBRUARY 15, 1982

TRANSFER ORDER*

    This litigation presently consists of eight actions pending in four districts as follows: five actions in the Eastern District of Louisiana, and one action each in the Western District of Kentucky, the District of South Carolina and the Eastern District of Texas.[1/] Presently before the Panel is a motion by plaintiff in one of the Louisiana actions to centralize, pursuant to 28 U.S.C. §1407, all actions in this litigation in the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings. Plaintiffs in three of the other Louisiana actions and two defendants that are named in the Louisiana and Texas actions either support or do not oppose the motion. Plaintiffs in the Kentucky, South Carolina and Texas actions oppose transfer.

    On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under 28 U.S.C. §1407 in the Eastern District of Louisiana will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All the actions presently before the Panel arose out of the sinking off the coast of Newfoundland of the semi-submersible drilling rig, "Ocean Ranger," on February 15, 1982. Common factual questions concerning the cause or causes of the accident and the liability or non-liability of defendants will be involved in all actions. Transfer under Section 1407 is necessary in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

    Arguments raised by parties opposing transfer have included assertions that voluntary cooperation among the parties, counsel and courts is a suitable alternative to Section 1407 proceedings, and/or that particular actions should be excluded from transfer because those actions involve theories of law different from the majority of actions in this docket. Neither of these arguments is persuasive.

---

\* Judge Sam C. Pointer, Jr., took no part in the decision of this matter.

1/ The motion before the Panel as originally filed pertained to seven actions and did not include the Kentucky action listed on the attached Schedule A. Plaintiffs in the Kentucky action, the only parties to that action who were not parties to actions included in the original motion, served a responsive pleading and were represented at the Panel's hearing on the motion. Thus that action is also properly before us.

While voluntary coordination of discovery efforts is always commendable, we conclude that transfer of these actions to a single district under Section 1407 is still necessary to ensure the streamlining of discovery and other pretrial proceedings, especially in light of counsel's representation to the Panel at the hearing held on this motion that at least forty additional potential tag-along actions have been filed or will soon be filed in federal courts. And even if different legal issues may be raised in some of the actions, the factual issues in the actions remain sufficiently common to warrant transfer under Section 1407.

With respect to the selection of the transferee forum, we note that because the disaster occurred outside United States territorial limits, there is no federal forum that encompasses the situs of the accident. Also, several of the major common defendants are foreign corporations headquartered outside the United States. We conclude that the Eastern District of Louisiana is the most preferable transferee district because records and witnesses relating to the design and construction of the rig are located at the headquarters of the rig's owners located in that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. 1407, the actions listed on the attached Schedule A and pending in districts other than the Eastern District of Louisiana be, and the same hereby are, transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Robert F. Collins for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

MDL-508 -- In re Ocean Ranger Sinking Off Newfoundland on February 15, 1982

SCHEDULE A

Eastern District of Louisiana

Gloria Ellzey Vaughn, et al. v. Ocean Drilling and Exploration Co., et al., Civil Action No. 82-0604

Mrs. Annie Laine Burge Thompson, et al. v. Ocean Drilling and Exploration Co., et al., Civil Action No. 82-0825

Barbara Martin Watkins v. Ocean Drilling and Exploration Co., et al., Civil Action No. 82-1054

Joseph Watkins, Jr., et al. v. Ocean Drilling and Exploration Co., et al., Civil Action No. 82-1334

Freddie Mae Gandy, et al. v. Ocean Drilling and Exploration Co., et al., Civil Action No. 82-1365

Eastern District of Texas

Kieko Gorum, et al. v. Ocean Drilling and Exploration Co., et al., Civil Action No. B-82-220-CA

District of South Carolina

Ruth A. Hicks, et al. v. Mitsubishi Heavy Industries, Inc., et al., Civil Action No. 82-765-8

Western District of Kentucky

Nora L. Smith, etc. v. Mitsubishi Heavy Industries, Inc., et al., Civil Action No. C-82-0277 L(B)